IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-01711-REB-CBS

Gaetano Izzo,
        Petitioner,
v.

Ron Wiley, Warden USP,
        Respondent.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the Court on an Application for Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed on July 20, 2009 (doc. # 1).

Pursuant to the August 18, 2009 Order of Reference (doc. # 8), the case was referred to

the Magistrate Judge to "[h]ear and determine pretrial matters" and to "[p]rovide a report

and recommendation with regard to the petition."  The Court has reviewed the Petition,

Respondent's Answer (filed September 25, 2009) (doc. # 10), the Applicant's "Reply to

Respondent's Answer" ("Traverse") (filed October 7, 2009) (doc. # 11), the entire case

file, the exhibits, and the applicable law and is sufficiently advised in the premises.


I.  Statement of the Case

        As a preliminary matter, Respondent does not assert the defense of failure to

exhaust administrative remedies.  (*See* doc. # 5, p. 1).  At the time the Petition was

filed, Mr. Izzo was incarcerated at the Federal Prison Camp in Florence, Colorado.

(*See* doc. #1, p.1).  On August 4, 1993, Mr. Izzo was sentenced to 360 months for

1

nonviolent, drug-related crimes including: distribution, racketeering, and conspiracy. (*See* doc. # 10-2, p. 37 of 41).  His sentence was reduced to 300 months on appeal. (*See* doc. # 10-2, p. 2 of 41).  As of July 31, 2009, Mr. Izzo has earned 864 days of good time credit, and his projected release date is September 8, 2014.  (*See* doc. # 10-2, p. 37-38 of 41).  Mr. Izzo, now 70 years old, requested that the Bureau of Prisons ("BOP") formally evaluate whether he qualified for the Elderly Offender Home Detention Pilot Program ("Pilot Program"), which would have released him to home detention for the remainder of his sentence.  The BOP determined that Mr. Izzo was not eligible for the Pilot Program because he had not served the amount of time required for the program.

Mr. Izzo takes issue with the BOP's decision.  He argues that he should be eligible for the Pilot Program based on his age, the amount of time that he has served, and the amount of good time credits that he has earned.  Mr. Izzo also raises the issue whether the phrase "term of imprisonment" should include good time credits as part of its calculation for eligibility into the Pilot Program.  Mr. Izzo asks the court to order his immediate release to home detention.


II.  Analysis

Before addressing Mr. Izzo's claims, Respondent raised the issue whether the court has subject matter jurisdiction over this § 2241 Petition.  Respondent argues that jurisdiction over a challenge to conditions of confinement should be sought under 42 U.S.C. § 1983.  Because the court determines that the Petition fails on its merits, the court assumes without specifically deciding that it has subject matter jurisdiction.

2

Nevertheless, there is case law that supports subject matter jurisdiction under § 2241.[1]

As to Mr. Izzo's first argument, he contends that the Court should overturn the BOP's determination that he is ineligible for the Pilot Program.  Mr. Izzo argues that he is eligible for the Pilot Program based on his age and the amount of time he has completed on his sentence.  Under the SCA, offenders who are at least 65 years or older may qualify for the Pilot Program provided they meet numerous requirements, one of which is that the offender must have served "the *greater* of 10 years or 75% of the term of imprisonment to which the offender was sentenced."  42 U.S.C. § 17451 (g) (5) (A) (ii) (emphasis added); *see also Moore*, 2009 WL 2970464, at *2.  Here, although Mr. Izzo meets some of the requirements for eligibility, he will not complete 75% of his term of imprisonment until August 30, 2011.  (*See* doc. 10-2, p. 41 of 41).  Accordingly, Mr. Izzo has not yet served the greater of 10 years or 75% of his term of imprisonment.  Because Mr. Izzo has not satisfied the "term of imprisonment" requirement under the

---

[1]  The Supreme Court has generally held that challenges to the validity or duration of a prisoner's sentence are properly brought as habeas claims.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (defining habeas claims as "attacking . . . the fact or length of . . . confinement").  *See also Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir. 2001) (noting that  § 2241 applies to challenges to "the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials prison disciplinary actions, prison transfers, type of detention and prison conditions"); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 242 (3d Cir. 2005) (holding that challenges to BOP programs are properly made under § 2241); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) (same); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (holding that challenges to the manner, location, or conditions of a sentence's execution must be filed under § 2241); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) (inmate's request for placement in Oklahoma's Pre-Parole Conditional Release program was a challenge to the fact rather than to a condition of confinement that "must proceed under habeas"); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (holding that, as to the issue of *where* the prisoner's sentence will be served, the claim "seems to fit better under the rubric of § 2241").

SCA, Mr. Izzo is not eligible for the Pilot Program.

The Second Chance Act ("SCA"), which created the Pilot Program, "recognizes the BOP's discretion to determine where prisoners are placed, whether in a prison or a halfway house." *Stanko v. Rios*, 2009 WL 1303969, at *8 (D. Minn. May 8, 2009). Moreover, the Attorney General—and not the court—is charged with the administration of the Pilot Program. *United States v. Moore*, 2009 WL 2970464, at *2 (M.D. Ala. Sept. 11, 2009). Consequently, courts are limited in making determinations or recommendations regarding who may qualify for the Pilot Program because "the statute places the authority in the province of the BOP and the Attorney General." *Id.* Therefore, the BOP's determination that Mr. Izzo is ineligible for the Pilot Program is entitled to deference.

Finally, Mr. Izzo asserts that the phrase "term of imprisonment" should include good time credits as part of its calculation. The February 5, 2009 BOP Operation Memorandum defines the phrase "term of imprisonment" as "the term imposed by the sentencing court(s), whether stated in days, months, or years." (*See* doc. # 10-2, p. 17-18 of 41). In other words, the phrase "term of imprisonment" is the term imposed by the sentencing court, not the projected sentence the offender will serve after earning good time credits. (*Id.*; *see also*, doc. # 10-2, p. 6 of 41). Nevertheless, Mr. Izzo argues that the phrase "term of imprisonment" should be construed consistently with the good time credit statute of 18 U.S.C. § 3624(b). But § 3624(b) is separate and distinct from the SCA. Whereas the SCA calculates "term of imprisonment" as that imposed by the sentencing court, § 3624(b) calculates "term of imprisonment" as the time served and awards "54 days credit toward service of sentence (good conduct time credit) for each

4

year served." *Kikumura v. Hood*, 467 F.3d 1257, 1258 (10th Cir. 2006) (quoting 28

C.F.R. § 523.20(a)).  Because the BOP's definition of the phrase "term of imprisonment"

is consistent with the SCA, § 17541(g)(5)(A)(ii), Mr. Izzo's good time credits are properly

excluded from the "term of imprisonment" calculation.


Accordingly, IT IS RECOMMENDED that the Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 be DENIED and that this civil action be

DISMISSED with prejudice.


III.  Advisement to the Parties

Within fourteen days after service of a copy of the Recommendation, any party

may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of

Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583

(10th Cir. 1995).  A general objection that does not put the District Court on notice of the

basis for the objection will not preserve the objection for *de novo* review.  "[A] party's

objections to the magistrate judge's report and recommendation must be both timely

and specific to preserve an issue for de novo review by the district court or for appellate

review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street,*

73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de*

*novo* review by the District Judge of the Magistrate Judge's proposed findings and

recommendations and will result in a waiver of the right to appeal from a judgment of

the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District

Court's decision to review a Magistrate Judge's recommendation *de novo* despite the

lack of an objection does not preclude application of the "firm waiver rule");

*International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52

F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate

Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);

*Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file

objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see,*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does

not apply when the interests of justice require review).

DATED at Denver, Colorado, this 9th day of February, 2010.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge

6